Carl D. Crowell, OSB No. 982049
email: carl@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **A&T SPVH, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **DOE-24.22.60.250**, <br><br> Defendant. | Case No.: 3:15-cv-00676-JE <br><br> PLAINTIFF'S EX PARTE MOTION TO EXPEDITE DISCOVERY <br><br><br> EXPEDITED RULING REQUESTED |

<u>LR 7-1</u>

Plaintiff does not know the identity of the defendant, and as such is unable to confer.

**PLAINTIFF'S *EX PARTE* MOTION TO EXPEDITE DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 26 and 45, plaintiff moves the Court *ex parte* for an order permitting plaintiff to take limited discovery to ascertain the identity of the defendant in the complaint. Limited discovery prior to the Rule 26(f) conference is necessary as per the reasons stated in the accompanying Memorandum of Law.

Plaintiff respectfully requests the Court grant their *Ex Parte* Motion for leave to take discovery prior to the Rule 26 conference and enter an Order allowing plaintiff to subpoena records from Comcast for the identity of the subscriber and account holder assigned the IP address used by the defendant, and for such further information as may be needed to specifically identify the Doe defendant.

Plaintiff requests an expedited ruling on this matter as it is likely the defendant is actively and currently participating in the piracy of content through BitTorrent and any delays are likely to increase the harm suffered by plaintiff.

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* MOTION TO EXPEDITE DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26 and 45, plaintiff hereby moves this Court *ex parte* for an Order permitting plaintiff to take limited expedited discovery prior to the Rule 26 conference to ascertain the identity of the Doe defendant as identified in the complaint. Dkt. 1.

**I. INTRODUCTION**

Plaintiff A&T SPVH, Inc. is the registered copyright owner of the motion picture *The Humbling*. The Doe defendant is a BitTorrent user, or "peer," whose computer is interconnected with others and used for illegally copying and distributing plaintiff's motion picture to others. Plaintiff is suing the Doe defendant for using the Internet, specifically the BitTorrent file distribution network, to commit copyright infringement.

As defendant used the Internet to commit infringement, plaintiff only knows the defendant by his or her Internet Protocol ("IP") address, and the time of the infringement as stated in the compliant. Based on pre-filing investigations, defendant's IP address was assigned by his or her Internet Service Provider ("ISP"), Comcast. Comcast uses an IP address to

specifically identify each account which is assigned to a person using the Internet through Comcast to transmit and receive data similar to the address on a house, namely it is the location to which Comcast sends data requested and from which it receives data.  Publicly available data allows plaintiff to identify the specific ISP defendant used and other information such as the city or area associated with the IP address.  Publicly available data generally does not permit plaintiff to ascertain the identity of the subscriber or actual defendant.  But as Comcast controls defendant's access to the Internet, so too does Comcast have the records which tie the IP address used to infringe plaintiff's rights to a specific party who contracted with Comcast for service who if not the defendant, likely has knowledge that will permit the plaintiff to identify the defendant.  Without this information, plaintiff cannot ascertain the identity of the defendant nor pursue this lawsuit to protect its valuable copyrights.

Accordingly, plaintiff seeks leave to serve a Rule 45 subpoena on the ISP Comcast.  Such a subpoena will be limited to non-content subscriber account information such as the true name, address, telephone number, and e-mail address of the parties associated with defendant's IP address.  Any such information obtained will be used for protecting and enforcing plaintiff's rights as set forth in the Complaint filed in this case.

As the subscriber who contracts with Comcast may not necessarily be the defendant, plaintiff may also request leave for reasonable further discovery including an FRCP 45 deposition of the subscriber identified by Comcast, of not more than two (2) hours, as may be needed to find the true identity of the actual defendant.

## II. ARGUMENT

Federal Rule of Civil Procedure 26(d)(1) authorizes a court to permit discovery before the Rule 26(f) conference upon a showing of "good cause" for the party's need for expedited

discovery.  *See, e.g., Renaud v. Gillick*, No. 06-1304, 2004 WL 98465, at *2-3 (W.D. Wash. Jan. 8, 2007) (analyzing the Ninth Circuit standard of "good cause" and cases permitting expedited discovery); *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 280 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.")

Courts routinely allow discovery to identify "Doe" defendants operating through the Internet. See generally *Voltage, et. al v. Does:* 3:14-cv-01241-AC, (D. OR); *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980) ("where the identity of alleged defendants [are not] known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants"); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery).

Courts generally consider the following factors when granting motions for expedited discovery to identify anonymous internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the court can determine that the defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss.  *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-580 (N.D. Cal. 1999)

First, plaintiff has specified a time, date, IP address and general location within this district that indicates there is a real person that may be sued in federal court and in this jurisdiction.  Dkt. 1, ¶¶ 13-14.  Further plaintiff has noted multiple consistent infringing activities that indicate the defendant is a real person and permissive user of the Internet service at

issue. Dkt. 1, ¶¶ 15-18.[1]  It is highly likely plaintiff can identify the missing party with sufficient specificity as the missing party is the either the subscriber who contracted for use of the identified IP address, or based on the pervasive nature of observed conduct, a party likely known to the subscriber as plaintiff has observed substantial and persistent conduct associated with defendant's IP address.   Second, though plaintiff has been able to identify much about the defendant, namely who he or she uses as his or her ISP, where he or she is generally located, and what software he or she used to commit acts of infringement, plaintiff has no means to readily identify the Doe defendant as a distinct named individual.  Comcast has procedures for revealing the associated subscriber information, but requires a subpoena as a matter of course.  Third, this is a claim for copyright infringement.  Specifically, sufficient facts are alleged to support a plausible right to relief well above any general level of mere speculation.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Finally, as has been noted in similar cases in BitTorrent enforcement actions such as this one, it is "likely that the requested discovery will uncover the identity of the defendant in this case …".  *Voltage, et. al v. Doe,* 3:14-cv-01872-AC (April 9, 2015)(Dealing specifically with a secondary FRCP 45 subpoena to be issued to a subscriber identified by Comcast.)

     Good cause to allow expedited discovery in this case clearly exists because the ISP used to commit the acts of copyright infringement is the only source that can supply the information necessary to identify the defendant.  A further basis for good cause is that in a claim for copyright infringement there is a presumption of irreparable harm to the copyright owner.  *See UMG Recordings, Inc. v. Doe*, 2008 WL 4104214 (N.D. Cal. 2008) (Finding good cause for expedited discovery exists in Internet infringement cases, where a plaintiff makes a prima facie

---

[1] Plaintiff is able to file hundreds of titles observed associated with the subject IP address and dates of observation should such be requested.

showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference.)

If plaintiff is denied the ability to subpoena Comcast, the identity of the infringer will remain hidden and defendant will be able to continue to freely infringe plaintiff's rights and commit other acts of theft with impunity. As such it is clearly in the interest of preserving justice and order that this court should grant Plaintiff's motion. *Semitool, Inc.*, 280 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party).

### III.  EXPEDITED RELIEF IS PROPER

As per the other activity observed associated with the defendant's IP address, there is evidence the defendant is a prolific infringer that regularly and actively contributes to the BitTorrent piracy economy. The acts of the defendant do not appear to be isolated or singular in occurrence. Defendant's IP address has been regularly and persistent observed associated with the BitTorrent exchange of files. (A record of such activity is available should the Court deem such properly filed.) This activity is likely ongoing. If the defendant is maintaining plaintiff's work in the shared folder connected to the BitTorrent network and permitting continued access throughout this time, the number of distributions of plaintiff's work that might be attributed to defendant would be countless. However it is the experience of counsel that parties generally promptly terminate infringing activity and further distribution as soon as they have notice of an actual suit pending. As such, expedited relief is warranted such that notice may be provided as quickly as possible to at least limit further distribution and harm to plaintiff.

///

///

## IV.	CONCLUSION

For the foregoing reasons, plaintiff respectfully requests the Court grant its *Ex Parte* Motion for leave to take discovery prior to the Rule 26 conference and enter an Order allowing plaintiff to subpoena records from Comcast for the identity of the account holder assigned to the defendant's IP address and for such further reasonable discovery as may be needed.

DATED:  April 29, 2014.

>	*/s/Carl D. Crowell*
>	Carl D. Crowell, OSB No. 982049
>	email:  carl@crowell-law.com
>	(503) 581-1240
>	Of attorneys for the plaintiff